IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Clarence Gibbs, ) | |
| ) | C/A No. 1:13-3382-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| Warden Robert M. Stevenson, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Clarence Gibbs, a state inmate proceeding pro se, filed this Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's Motion for Summary Judgment (ECF No. 27). (ECF No. 43). Petitioner timely filed objections. (ECF No. 49).[1]

## I. Factual and Procedural History

The South Carolina Supreme Court set forth the following underlying facts in this case:

On the evening of April 10, 2005, a robbery occurred at a grocery store in Georgetown, South Carolina. The police arrived to the scene shortly after the robber fled. Three different witnesses were interviewed about the incident. One witness, John Fowlkes, described the robber as a middle-aged or older black man with a "scruffy beard with distinct gray colorings in it." He also noted the robber wore a black hat and blue jacket. Another witness, Greg Morton, indicated the robber was wearing a black hat and a blue or black jacket. Eric Sessions, the third witness, informed police the robber was wearing a blue hat and a blue jacket. Officers also reviewed a surveillance tape that captured the robbery, and a black

---

[1] The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

> jacket found at Petitioner's home was positively identified by all three witnesses as the jacket worn by the robber.
>
> Approximately ten days after the robbery, police officers presented two photographic lineups, each containing six pictures of people generally matching the description given by the witnesses, to each witness individually.FN1 The first photographic lineup contained a picture of Petitioner. Upon viewing the lineups, Fowlkes and Morton identified Petitioner as the robber. Sessions, however, was unable to identify the perpetrator via the lineups.
>
> FN1. At the time of trial, the second lineup had been lost. However, two police officers and two of the witnesses testified that the photographs in the second lineup were similar to the photographs contained in the first.
>
> Nearly one week later, Petitioner was transported to the police station for questioning. The three witnesses were brought to the station to view Petitioner. According to Fowlkes, he was taken to a one-way mirror to determine whether Petitioner had any involvement in the robbery. Fowlkes testified he saw a white male and Petitioner behind the glass and that he instantly recognized Petitioner as the robber. Likewise, Morton testified Petitioner was in the room with two police officers and was able to identify Petitioner as the robber. When Sessions viewed Petitioner, however, he informed police he was sure Petitioner was not the perpetrator.FN2
>
> FN2. All three witnesses were also permitted to hear Petitioner's voice during the show-up. Again, Fowlkes and Morton stated they recognized Petitioner's voice from the robbery, while Sessions stated it was not the robber's voice.

*Gibbs v. State*, 744 S.E.2d 170 (S.C. 2013).

In June 2005, Petitioner was indicted for kidnapping, armed robbery, and possession of a weapon during the commission of a violent crime. Attorney Eric Fox represented Petitioner during a jury trial on September 6-8, 2005, before the Honorable Paula H. Thomas. The jury found Petitioner guilty as charged and Judge Thomas sentenced Petitioner to concurrent terms of twenty (20) years for the armed robbery and kidnapping charges, and five (5) years consecutive for the weapon charge.

Petitioner, represented by Appellate Defender Katherine H. Hudgins, appealed his convictions and sentences, raising the following issues:

> 1. Did the trial court err in admitting evidence of an out of court "show-up" identification?
>
> 2. Did the trial court err in admitting one half of the photo line-up when the other half was lost prior to the trial?
>
> 3. Did the trial court err in failing to give an alibi charge?

On June 27, 2007, the Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, and the remittitur was sent down on July 13, 2007.

On October 4, 2007, Petitioner filed an application for post-conviction relief ("PCR") in which he raised claims for ineffective assistance of counsel and due process violations. On June 13, 2008, an evidentiary hearing was held before the Honorable J. Michael Baxley, and on July 18, 2008, Judge Baxley filed an order of dismissal. Petitioner did not file an appeal.

On April 13, 2009, Petitioner filed a second PCR application raising claims of ineffective assistance of trial counsel and seeking a belated appeal from the July 18, 2008 order of dismissal of his PCR application. On July 29, 2009, an evidentiary hearing was held before the Honorable Larry B. Hyman. On August 13, 2009, Judge Hyman filed an order granting Petitioner a belated appeal from the denial of his first PCR application pursuant to *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).

Petitioner timely filed a notice of appeal and was again represented by Appellate Defender Hudgins. Petitioner raised the following issues:

> 1. Did the PCR judge err in refusing to find counsel ineffective by not requesting a charge to the jury on alibi when Gibbs presented an alibi defense and the State's only evidence consisted of two out of three eye witnesses identifying Gibbs, the third eye-witness testifying that Gibbs was not the person who committed the robbery and three of the witnesses testifying that a jacket found at Gibbs house matched the jacket worn b
>
> 2. Did the PCR judge err in refusing to find counsel ineffective by not contemporaneously objecting to the introduction of the line-up, the show-up and in-court identifications?

3

On May 15, 2013, the South Carolina Supreme Court affirmed the dismissal of Petitioner's PCR application. Petitioner filed a petition for rehearing, which was denied on July 12, 2013, and the remittitur was sent down on July 12, 2013. On July 27, 2010, Petitioner filed a third PCR application alleging ineffective assistance of trial and PCR counsel. On June 4, 2013, this application was dismissed.

On December 2, 2013, Petitioner filed this petition for writ of habeas corpus raising the following grounds for relief:

> **Ground One:** The court erred in finding counsel was not ineffective in failing to request a charge to the ju[r]y on alibi.
>
> **Supporting Facts:** Gibbs presented an alibi defense an[d] the court found that such a instruction should have been given. See attachment of appellate brief.
>
> **Ground Two:** The court erred in failing to find counsel ineffective for contemporaneously objection to the introduction of line-up, show-up in court.
>
> **Supporting Facts:** The court found the photo line-up was not unduly suggestive, despite the facts that half of the line-up was missing. (App. p. 113-L.9-21). The appellate brief supports Petitioner's position he[r]ein.

(Habeas Pet. at 5-6, ECF No. 1-1 at 5-6).

## II. Discussion

In her Report, the magistrate judge found that the state courts did not misapply clearly established federal law or make a decision based on an unreasonable determination of the facts. Specifically, she determined that Petitioner failed to establish prejudice in regard to trial counsel's failure to request an alibi instruction or contemporaneously object to the introduction of identification evidence. (Report at 17, 20). She also determined that the issue of Petitioner's out-of-court and in-court voice identifications was not preserved for review. (Report at 19-20 n.6).

Petitioner raises three specific objections: 1) the magistrate judge incorrectly found that

4

the PCR court did not err in finding that petitioner was not prejudiced by trial counsel's failure to request a jury instruction on alibi; 2) the magistrate judge incorrectly found that the issue of the constitutionality of Petitioner's out-of-court and in-court voice identifications was not preserved for review; and 3) the magistrate judge's analysis of whether Petitioner was prejudiced by trial counsel's failure to object to the introduction of identification evidence is contrary to the holding in *Neil v. Biggers*, 409 U.S. 188 (1972) (establishing totality-of-circumstances standard for court's consideration of admissibility of an identification obtained as a result of a suggestive confrontation), and *Strickland v. Washington*, 466 U.S. 668 (1984).

To prove ineffective assistance of counsel, the Petitioner must show that trial counsel's performance was deficient. *Strickland v. Washington,* 466 U.S. at 687. An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. Further, the Petitioner also must show that he was prejudiced by counsel's alleged deficient performance, in that because of counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. There is a strong presumption that trial counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

**1)     Alibi Instruction**

First, Petitioner contends that trial counsel was ineffective for failing to request a jury instruction on alibi because there was testimony that Petitioner was somewhere else at the time of the robbery which entitled him to an alibi instruction. Specifically, Petitioner contends that the magistrate judge erred in not applying a de novo review and in giving deference to the state court decisions. (Objections at 5).

The magistrate judge did not apply the wrong standard. "The federal habeas statute dictates a highly deferential standard for evaluating state-court rulings, which demands that

5

state-court decisions be given the benefit of the doubt. The required deference encompasses both the state court's legal conclusions and its factual findings." *Lenz v. Washington,* 444 F.3d 295, 299 (4th Cir. 2006) (internal quotation marks and citation omitted). "The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465 (2007). Accordingly, where the state court has adjudicated a claim on the merits as in this case, habeas relief is appropriate only if the state court's ruling resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d).

Moreover, the court agrees with the magistrate judge that the PCR court did not unreasonably apply *Strickland* to the claim that Petitioner raises in Ground One. As the magistrate judge noted, the PCR court found Petitioner failed to establish the prejudice prong of his ineffective assistance claim. The magistrate judge found that the state court's ruling did not result in a decision contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts, and the court agrees. The Supreme Court has never held that the failure to request an alibi charge constitutes ineffective assistance of counsel, so the PCR court's rejection of this claim cannot be said to be contrary to or an unreasonable application of clearly established federal law. *See generally Epps v. Bazzle*, No. 9:07-CV-3113-RBH, 2008 WL 2563151, at *9 (D.S.C. June 23, 2008) ("A state court adjudication is contrary to clearly established federal law only if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. If the

United States Supreme Court has never addressed the claim presented to the state court, then, the state court decision cannot be said to have unreasonabl[y] appli[ed] clearly established Federal law [under § 2254(d)(1).]" (internal quotation marks and citation omitted)). Accordingly, the court overrules Petitioner's objection.

### 2) Preservation of Issue

Petitioner contends that the issue of out-of-court and in-court voice identifications was fairly presented when he challenged the witness identification "through the Neil v. Bigger briefings, motions and hearing." (Objections at 6). Petitioner then states that "[t[he South Carolina courts did not issue a reasoned or articulate opinion on this issue although fairly presented with it, therefore the South Carolina courts are not owed any deference under the A.E.D.P.A. statute in resolving this issue de novo in federal courts." (Objections at 6). The magistrate judge found this specific issue was not preserved and, as Petitioner acknowledges, this issue was never ruled upon.

A federal habeas court must review a state court's decision under the deferential standard set forth in § 2254(d) with respect to "any claim that was adjudicated on the merits in state court proceedings." 28 U.S.C. § 2254(d). If the claim was not "adjudicated on the merits," the matter is reviewed de novo. *See Weeks v. Angelone*, 176 F.3d 249, 258 (4th Cir. 1999). However, this issue was not ruled upon by the state courts and thus was not properly preserved for review by this court in this habeas action under either standard. *See White v. Burtt,* No. 06-906, 2007 WL 709001 at *1 & *8 (D.S.C. Mar. 5, 2007) (*citing Pruitt v. State*, 423 S.E.2d 127, 127-128 (S.C. 1992) (holding that issue must be raised to and ruled on by the PCR judge in order to be preserved for review ). If procedurally defaulted, federal habeas review of this claim is barred unless Petitioner can demonstrate cause and prejudice, or actual innocence. *Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner has not alleged cause and prejudice nor demonstrated

actual innocence. Accordingly, the magistrate judge did not err in finding this issue procedurally barred.

### 3)     Application of *Neil v. Biggers*

Petitioner contends that the magistrate judge erred by finding that the state court's decisions are supported by the record and determining that Petitioner has failed to establish he was prejudiced by trial counsel's failure to contemporaneously object to the introduction of the line-up and show-up identifications during trial. (Objections at 7).

The Supreme Court has established a two-step process to determine whether identification testimony is admissible. *See Manson v. Brathwaite*, 432 U.S. 98, 110 (1977); *Satcher v. Pruett,* 126 F.3d 561, 566 (4th Cir. 1997) "First, the court must consider whether the identification procedure is unnecessarily suggestive." *Satcher*, 126 F.3d at 56`6. "Second, if the procedure was unnecessarily suggestive, a court must look at several factors to determine if the identification testimony is nevertheless reliable under the totality of the circumstances." *Id.*. The factors to be considered are set out in *Neil v. Biggers*, 409 U.S. at 199-200. "These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." *Manson*, 432 U.S. at 114 (1977).

Prior to trial, Petitioner moved to suppress the introduction of evidence about the photographic line-up and the show-up and in-court identifications through two witnesses, Fowlkes and Morton. After holding a pretrial *Neil v. Biggers* hearing, the court found the identification testimony admissible. (ECF No. 28-2 at 121-25). At trial, Fowlkes and Morton identified Petitioner as the robber. The photographic line-up, show-up, and in-court identifications by Fowlkes were admitted without a contemporaneous objection by trial counsel.

8

Trial counsel contemporaneously objected to the introduction of Mortons' photographic line-up (ECF No. 28-2 at 57), but not to Morton's show-up or in-court identifications. The PCR court found trial counsel was ineffective for failing to contemporaneously object to the identification testimony, but found that Petitioner was not prejudiced because the trial court had held a pretrial *Neil v. Biggers* hearing and found the evidence admissible. (ECF No. 28-22). On appeal, the South Carolina Supreme Court affirmed. (ECF No. 28-14).

The trial court conducted an extensive pretrial hearing pursuant to *Neil v. Biggers* and, as set forth above, determined that the identification testimony was admissible. The PCR court found that there was no reasonable probability that the outcome would have been different had trial counsel contemporaneously objected to the introduction of the evidence during the trial. (ECF No. 28-4 at 9). On appeal, the South Carolina Supreme Court agreed and found that the photographic lineup was reliable and there was not a substantial likelihood of misidentification. (ECF No. 28-14 at 1-13). As for the one-on-one show-up identifications, the court found that, although they were unduly suggestive, the identifications were reliable under the totality of the circumstances, and trial counsel's failure to contemporaneously object to the identification evidence did not prejudice Petitioner. (*Id.* at 8). The court held that the identifications were not *so* unduly suggestive so as to create a likelihood of misidentification. (*Id.* at 9).

Neither the PCR court's order nor South Carolina Supreme Court's opinion affirming the PCR court's order as to the reliability and admissibility of the in-court identification of defendant resulted in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. And these decisions are not based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. *See  Harrington*, 562 U.S. 86, 98-101 (2011); *see also Cullen v. Pinholster*, ___ U.S. ___, ___, 31 S.Ct. 1388, 1389-99 (2011) ("We now hold that review under § 2254(d)(1) is

limited to the record that was before the state court that adjudicated the claim on the merits.").

Based on the foregoing, the court adopts the Report (ECF No. 43), and **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 27).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 10, 2015